UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANETTE WORRELL,

    Plaintiff,

v.                                                        Case No.:  8:15-cv-02866-JSM-AEP

COMMUNITY THERAPY HOME CARE,
INC., a Florida corporation; and ELAINE R.
MACCOLLOM,

    Defendants.

_____/

## DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSE AND TO COMPEL DOCUMENTS AND FOR ATTORNEY'S FEES

Defendants, COMMUNITY THERAPY HOME CARE, INC. and ELAINE R. MACCOLLOM (collectively "Defendants") by and through their undersigned attorney, and pursuant to Rule 37, Federal Rules of Civil Procedure, file their Motion to Compel Discovery Response and to Compel Documents and in support thereof states as follows:

1.    On January 3, 2017, and pursuant Rule 34, Fed.R.Civ.P., the Defendants served their First Request for Production of Documents ("RFP") on the Plaintiff via electronic mail to craig@bermanlawpa.com.  Plaintiff's response to the RFP was due within thirty (30) days of service, *i.e*. on or before February 2, 2017.  Plaintiff, however, did not serve a response or documents.

2.    On February 3, 2017, and pursuant to Local Rule 3.01(g), the undersigned wrote Plaintiff's counsel, Craig Berman, an email informing him that Plaintiff's response to the Defendants' RFP was overdue and gave plaintiff until February 8, 2017, to serve a response to the RFP and to produce the requested documents. Plaintiff's counsel responded by email that he

would serve a response to the Defendants' RFP together with the documents by Monday, February 6, 2017. Plaintiff, however, did not serve a response or documents on February 6, 2017.

3. On February 8, 2017, Plaintiff's counsel's assistant emailed some documents to the undersigned; however, no response to the RFP was served and the assistant's email did not identify which request in the RFP the documents were responsive to.

4. As of the date of this motion, Plaintiff has still not served a response to the RFP and has not produced all of the documents requested in the Defendants' RFP.

5. The Defendants are entitled to a response to their RFP from the Plaintiff and to production of the requested documents. Moreover, any objections that the Plaintiff may have had to the Defendants' RFP are waived because of Plaintiff's failure to respond. "When a party fails to object to a request for production the objection is deemed waived." *LM Insurance Corporation v. Hanneford Circu, Inc.*, 2014 WL 12616980 at *1 (M.D. Fla. Deember 2, 2014, citing *Third Party Verification, Inc. v. SiqnatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361, at *2 (M.D. Fla. May 2, 2007) ("A party who fails to file timely objections waives all objections, including those based on privilege or work product."). "'Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.'" *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-cv-210-T-17MAP, 2007 WL 4247767, at *1 (M.D. Fla. Dec. 3, 2007) (quoting Middle District Discovery (2001) at § III.A.6).

6. Pursuant to pursuant Fed.R.Civ.P. 37(a)(5), if this motion is granted, the Defendants are entitled to an award of their reasonable fees incurred in bringing this motion.

## LOCAL RULE 3.01(g) Certification of Good Faith

The undersigned hereby certifies that he conferred in good faith with counsel for Plaintiff; however, Plaintiff has not responded to the Defendants' RFP and not produced the documents requested.

WHEREFORE, Defendants respectfully request that the Court enter an Order granting the Defendants' Motion to Compel and order that the Plaintiff respond to the Defendants' First Request for Production of Documents and produce the requested documents within seven (7) days, that all objections to the Defendants' First Request for Production of Documents are waived by the Plaintiff and award Defendants their reasonable attorneys fees incurred in bringing this motion.

Dated this 14th day of February, 2017.

SHANKMAN LEONE, P.A.

/s/ Mitchell L. Fraley
David S. Shankman
Florida Bar Number: 0940186
Mitchell L. Fraley
Florida Bar Number: 0132888
707 N. Franklin Street, Suite 500
Tampa, Florida 33602
Telephone:     813-223-1099
Facsimile:     813-223-1055
E-Mail: mfraley@shankmanleone.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Craig L. Berman, Esq.
Berman Law Firm, P.A.
111 2nd Ave NE, Ste. 706
St. Petersburg, FL 33701
craig@bermanlawpa.com

                                            /s/ Mitchell L. Fraley
                                            Attorney